IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-4019-MDB

AUGUSTINE ESQUIBEL,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COSTILLA, COLORADO,
JOE SMITH, in his official capacity as Sheriff of Costilla County,
DANNY SANCHEZ, in his individual capacity,
CRUZ SOTO, in his individual capacity,
MONIQUE TRUJILLO, in her individual capacity,
DYLAN MEJIA, in his individual capacity,
JAUREGUI ASTORGA, in their individual capacity, and
JOHN/JANE DOES #1-#4, in their individual capacity,

Defendants.

---

**COUNTY DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Defendants BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COSTILLA, COLORADO; JOE SMITH, in his official capacity as Sheriff of Costilla County; CRUZ SOTO, in his individual capacity; and DYLAN MEJIA, in his individual capacity ("County Defendants"),[1] submit the following Reply in Support of their Motion to Dismiss (Doc. 15).

## I. NATURE OF THE CASE

---

[1] Defendants Sanchez, Trujillo, and Astorga still have not been served.

This matter involves Plaintiff's detention and transportation in the custody of the Costilla County Sheriff's Office ("Sheriff's Office") on April 17 and 18, 2024. County Defendants filed a Motion to Dismiss ("Motion") (Doc. 15) on September 14, 2026. Plaintiff filed his Response to the Motion ("Response") (Doc. 19) on October 30, 2026.

## II. ARGUMENT AND AUTHORITY

### A. CLAIMS BASED ON ALLEGED CONDUCT OCCURING ON APRIL 17, 2024, ARE BARRED BY THE STATUTE OF LIMITATIONS

In their Motion, County Defendants assert that Plaintiff's claims are time-barred by the two-year statute of limitations to the extent they arise from conduct occurring on April 17, 2024. (Motion at pp. 5–7.) Plaintiff's Response does not dispute that the applicable limitations period is two years or that he filed this action on April 18, 2026. Instead, he relies on *Vasquez-Garcia v. Centurion, LLC*, 172 F.4th 1150 (10th Cir. 2026), to argue that a deliberate indifference claim does not accrue with the medical injury alone and that a persistent failure to treat a chronic condition can be a continuing violation. (Response at pp. 2, 4–7.)

*Vasquez-Garcia* is distinguishable. There, the complaint described escalating symptoms that appeared related to the plaintiff's diabetes and treatment that was provided but not properly administered. 172 F.4th at 1160–61. Nothing in the complaint indicated that the plaintiff knew or reasonably should have known that her symptoms resulted from the defendants' conduct or that they consciously disregarded the risk. *Id.* The court therefore inferred that she could not have known that "something went seriously

awry" until, after her release, she learned her condition had deteriorated to a nearly untreatable point. *Id.*

Here, the Complaint alleges that Plaintiff knew that a physician ordered continuous oxygen, that the Sheriff's Office had no oxygen to provide, and that Defendant Sanchez allegedly instructed Plaintiff to ration his remaining supply. (Doc. 5 at ¶¶ 27–31.) He claims he then ran out of oxygen and collapsed on April 17. (*Id.* at ¶¶ 41–43.) He claims he was then transported to the hospital and, after again being cleared only on the condition that he receive oxygen, Plaintiff allegedly ran out twice during the transport, developed blue lips, could barely stand, and collapsed again. (*Id.* at ¶¶ 45–56.) Thus, these allegations establish Plaintiff's contemporaneous knowledge of both the harm and the conduct allegedly causing it.

The later decline in Plaintiff's health and his doctors' alleged opinion that the deprivation "likely significantly contributed" to that decline do not extend accrual. (*Id.* at ¶¶ 69–70.) The Complaint alleges immediate injuries on April 17. The alleged subsequent decline concerns the extent and duration of the resulting damages. *See Hamer v. City of Trinidad*, 924 F.3d 1093, 1099 (10th Cir. 2019).

The continuing violation doctrine does not apply here. *Vasquez-Garcia* involved an ongoing failure by the same defendants to monitor and treat chronic conditions throughout the plaintiff's incarceration. 172 F.4th at 1162–63. The doctrine applies only when a particular defendant commits wrongful acts or omissions both outside and within the limitations period. *Vasquez v. Davis*, 882 F.3d 1270, 1277 (10th Cir. 2018). Here, the April 17 allegations concern completed events, including the alleged failure to supply oxygen

and the transports occurring on that day. (Doc. 5 at ¶¶ 27–57.) The only alleged events on April 18 are the post-bond delay and an unidentified deputy's adjustment of the oxygen regulator. (*Id.* at ¶¶ 58–68.) Those are separate alleged acts, not a continuation of the April 17 conduct, and the Complaint does not plausibly attribute either act to Soto or Mejia. Accordingly, Plaintiff's claims are time-barred to the extent they arise from conduct occurring on April 17, 2024.

## B. PLAINTIFF FAILS TO ALLEGE PERSONAL PARTICIPATION

Plaintiff's Response continues to list facts that might establish Soto or Mejia's presence or general awareness, but it does not identify unconstitutional conduct by either Defendant. Attendance at a planning meeting is not itself a constitutional violation, particularly where the Complaint alleges nothing about what Soto or Mejia said, decided, or learned during that meeting. (Doc. 5 at ¶ 37.) Likewise, discovering Plaintiff after he collapsed does not connect either Defendant to the alleged deprivation. The Complaint alleges that Plaintiff was then transported by ambulance to the hospital. (*Id.* at ¶¶ 43–45.) General knowledge that Plaintiff needed oxygen does not establish that either Soto or Mejia personally withheld it, controlled its availability, or disregarded any particular risk.

The remaining allegations merely list possibilities. Plaintiff alleges that Soto may have transported Plaintiff or directed someone else to do so; may have directed or merely been aware of the post-bond detention; and may have directed or failed to intervene in the regulator adjustment. (*Id.* at ¶¶ 51, 59, 65, 75(a).) Mejia is alleged to be one of four possible transporting deputies, while Plaintiff admits he does not know who transported him. (*Id.* at ¶ 51.) The Complaint also groups Mejia with Astorga and the Does and

expressly acknowledges that Plaintiff "is unaware of the specific participation of each[.]" (*Id.* at ¶ 75(c).) These allegations do not provide either Defendant fair notice of what he allegedly did.

Plaintiff's Response argues that collective references must be "read 'in tandem with'" specific allegations. (Response at p. 8 (citing *Bledsoe v. Carreno*, 53 F.4th 589, 608 (10th Cir. 2022).) *Bledsoe* permitted the plaintiff's occasional use of collective references because the complaint elsewhere "identif[ied] specific actions taken by each individual [defendant]." 53 F.4th at 608–10. *Wilson v. Stoltenberg*, 182 F.4th 903, 917–18 (10th Cir. 2026), similarly attributed a concrete act to each school board member where the plaintiff allegedly sent the same e-mail and documented complaint to all members of the school district describing ongoing harassment. Here, there is no comparable factual allegation identifying an unconstitutional act by Soto or Mejia. Although Plaintiff argues this case only "involves a handful of officers from one small office" (Response at p. 8), the size of the Sheriff's Office does not eliminate the requirement to plead "*who* is alleged to have done *what* to *whom*[.]" *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Although Rule 8(d)(2) permits alternative statements of a claim, it does not relieve Plaintiff of the obligation to allege facts plausibly establishing each Defendant's liability. Unlike *Bledsoe*, the Complaint does not allege that Soto or Mejia committed the alleged conduct or observed a constitutional violation and had a realistic opportunity to intervene. *See* 53 F.4th at 615–16. The claims against Soto and Mejia should therefore be dismissed.

### C. SOTO AND MEJIA ARE ENTITLED TO QUALIFIED IMMUNITY ON PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS (FIFTH THROUGH EIGHTH)

#### 1. Fourteenth Amendment Deliberate Indifference to Medical Needs

County Defendants' Motion argues that Plaintiff fails to allege that Soto or Mejia personally acted with deliberate indifference. (Motion at pp. 9–11.) Plaintiff's Response now suggests that Soto and Mejia "withh[e]ld" oxygen, transported Plaintiff after he collapsed, and turned down his oxygen. (Response at pp. 9–10.) But the Complaint does not make those allegations against Soto or Mejia. Rather, it states that Plaintiff does not know who transported him and attributes the regulator adjustments to an unidentified deputy. (Doc. 5 at ¶¶ 51, 64.) The remaining allegations merely group Soto and Mejia with other officers or assert conduct by either Sanchez *or* Soto. (*Id.* at ¶¶ 30, 35, 43, 46, 49, 51. 59, 61–65.) Such allegations do not establish what Soto or Mejia are alleged to have done or failed to do, what they actually knew, or how either consciously disregarded a particular risk. Indeed, after Plaintiff allegedly collapsed, he was transported by ambulance to the hospital. (*Id.* at ¶¶ 43–44.)

Plaintiff's citations to *Martin v. Bd. of Cnty. Commr's*, 909 F.2d 402 (10th Cir. 1990), *Prince v. Sheriff of Carter Cnty.*, 28 F.4th 1033 (10th Cir. 2022), and *Paugh v. Uintah Cnty.*, 47 F.4th 1139, 1162 (10th Cir. 2022), are misplaced. In *Martin*, the deputies themselves removed a patient from the hospital despite the physician's warnings that doing so without a gurney or wheelchair could cause paralysis. 909 F.2d at 404–06. In *Prince*, the nurse knew urgent follow-up care was required yet provided no evaluation or life-sustaining medications while the detainee deteriorated for nineteen days. 28 F.4th at

1040–41, 1045–48. In *Paugh*, officers observed worsening withdrawal symptoms but failed to provide ordered medication or seek medical treatment. 47 F.4th at 1148–52, 1158–65. Here, Plaintiff does not allege any comparable conduct by Soto or Mejia.

As the Tenth Circuit recently explained when distinguishing these same cases, deliberate indifference requires more than knowledge "that a medical provider has instructed a certain treatment, the jail official must have subjective knowledge that disregarding the instruction will result in an excessive risk to the inmate's health or safety." *Jarvis v. Liggett*, 179 F.4th 763, 781–84 (10th Cir. 2026). Even assuming a constitutional violation occurred, Plaintiff identifies no precedent making it sufficiently clear to every reasonable officer that Soto or Mejia's alleged conduct violated Plaintiff's constitutional rights. Plaintiff cannot defeat qualified immunity by attributing an unidentified deputy's conduct to them. Soto and Mejia are thus entitled to qualified immunity on the Fifth Claim.

**2. Fourteenth Amendment Substantive Due Process**

Plaintiff concedes that the Fifth and Sixth Claims should be analyzed together under the same deliberate indifference framework. (Response at pp. 10–11.) The Sixth Claim is therefore duplicative, and Plaintiff's preserved argument for an objective standard is foreclosed by *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). Accordingly, the Sixth Claim should be dismissed.

**3. Fourth Amendment Unreasonable Search & Seizure**

Plaintiff's Response argues that "Colorado excludes 'a lack of staffing resources' from the circumstances that can justify holding a bonded defendant past six hours." (Response at p. 11.) Yet, the Complaint does not allege when bond was posted, how long

Plaintiff remained detained thereafter, whether the delay exceeded six hours, who controlled his release, or what Soto or Mejia personally did to prolong it. C.R.S. § 16-4-102(2)(e) does not prohibit every administrative delay; it generally requires release within six hours. Nor does an alleged violation of state law, standing alone, establish a clearly established federal constitutional violation.

Plaintiff's cited cases do not clearly establish that Soto or Mejia violated the Fourth Amendment by causing the alleged delay here. Plaintiff's request to add a different legal theory cannot substitute for the missing facts. *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014), excuses an "imperfect statement of the legal theory[.]" It does not excuse the failure to allege each Defendant's conduct.

Similarly, as to the allegations concerning Plaintiff's oxygen, the Complaint attributes the regulator adjustment to an unidentified deputy, not Soto or Mejia. (Doc. 5 at ¶ 64.) Soto and Mejia are therefore entitled to summary judgment on the Seventh Claim.

Plaintiff's Response withdraws his Eighth Claim for unreasonable search under the Fourth Amendment. (Response at p. 12.) That claim should therefore be dismissed.

## D. PLAINTIFF'S CLAIMS FOR RELIEF UNDER THE COLORADO CONSTITUTION SHOULD BE DISMISSED (FIRST THROUGH FOURTH)

Plaintiff's Response argues that the Colorado Constitution claims survive, in part, because qualified immunity is not a defense under C.R.S. § 13-21-131. (*Id.* at p. 12.) County Defendants assert qualified immunity only as to the federal claims. (*See* Motion at pp. 9–13.) While § 13-21-131 eliminates the qualified immunity defense, it does not eliminate the requirement that the officer personally subjects or causes the plaintiff to be

subjected to a constitutional deprivation. C.R.S. § 13-21-131(1). And, although the statute imposes liability on an officer who fails to intervene, it does not impose liability absent allegations that the officer knew of a particular violation and had a realistic opportunity to prevent it. *See Estate of Booker v. Gomez*, 745 F.3d 405, 422–23 (10th Cir. 2014). As discussed, the Complaint does not plausibly allege facts supporting a failure to intervene theory against Soto or Mejia. Because the First through Fourth Claims rest on the same deficient allegations as the corresponding federal claims, they should be dismissed.

## E. PLAINTIFF FAILS TO ALLEGE A MUNICIPAL LIABILITY CLAIM (NINTH)

Plaintiff's Response asserts municipal liability because "Sheriff Sanchez had final policymaking authority and acted as the County's alter ego." (Response at p. 13.) *Whitson v. Bd. of Cnty. Comm'rs*, 106 F.4th 1063, 1067 (10th Cir. 2024), held that "when an official takes action over which he or she has final policymaking authority, the policymaker *is* the municipality, so it is fair to impose liability on that entity for that action." Here, the only concrete act attributed to Defendant Sanchez—telling Plaintiff to "ration" oxygen—occurred on April 17 and is time-barred. The allegations that "Sanchez or Soto" later directed or allowed unspecified conduct are conclusory and do not identify a particular decision made by Sanchez. (*Id.* at ¶¶ 51, 59, 65, 75(a).)

Defendants agree that Soto's and Mejia's qualified immunity would not, standing alone, preclude municipal liability for a constitutional violation committed by another officer. But Plaintiff still fails to plead an underlying constitutional violation caused by a municipal policy. Plaintiff's new proposed theory under *Crowson v. Washington Cnty.*, 983 F.3d 1166, 1191 (10th Cir. 2020), concerns "systemic failures." (Response at pp. 13–

14.) Such theory is not plead in the Complaint—as Plaintiff concedes—and cannot be added through a response. *See Thao v. Grady Cnty. Crim. Just. Auth.*, 159 F.4th 1214, 1233 n.13 (10th Cir. 2025). Nor does the Complaint identify a specific training deficiency, prior notice, or the narrow "patently obvious" circumstance required for a single incident liability. The assertion that some arrestees might someday require oxygen does not make a constitutional violation the obvious consequence of a particular training decision. *Connick v. Thompson*, 563 U.S. 51, 63–64 (2011). The Ninth Claim should therefore be dismissed.

**F. PLAINTIFF'S CLAIMS UNDER THE ADA AND REHABILITATION ACT SHOULD BE DISMISSED (TENTH AND ELEVENTH)**

Plaintiff's Response does not address whether Plaintiff has alleged disability discrimination. The Complaint alleges the Sheriff's Office inadequately supplied and administered oxygen prescribed to treat Plaintiff's COPD. That is a challenge to treatment of the disabling condition itself, not exclusion from a service because of a disability. *See Fitzgerald v. Corr. Corp. of America*, 403 F.3d 1134, 1144 (10th Cir. 2005). Plaintiff received the identified services—custody, transportation, and release—and challenges the medical care accompanying them. *Robertson v. Las Animas Cnty. Sheriff's Dep't*, 500 F.3d 1185, 1195–98 (10th Cir. 2007), by contrast, concerned an accommodation necessary for a deaf detainee to communicate and obtain access to services available to other detainees.

*Punt v. Kelly Servs.*, 862 F.3d 1040, 1048 (10th Cir. 2017), a Title I employment case, does not eliminate Title II's requirement that Plaintiff identify a service denied

because of disability, and County Defendants have not asserted an undue burden defense. The Complaint also fails to allege that Plaintiff was denied anything solely because of disability, as required by the Rehabilitation Act. Finally, knowledge of a medical need is not equivalent to knowledge that violation of a federally protected disability right was substantially likely. *See Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228–29 (10th Cir. 2009). The Tenth and Eleventh Claims should therefore be dismissed.

## G. PLAINTIFF'S REQUEST FOR LEAVE TO AMEND IS IMPROPER

Plaintiff's Response requests leave to amend and remand. (Response at p. 15.) Yet, Plaintiff identifies no proposed new allegations and has not filed a motion or proposed amended complaint. A one-sentence statement included in opposition to a motion to dismiss that, should the court determine the need for further facts, it should grant leave to cure defects in the pleadings, is not a motion for leave to amend the complaint. *Calderon v. Kansas Dept. of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999).

WHEREFORE, for the reasons stated in the Motion and above, County Defendants respectfully request that this Court grant their Motion to Dismiss pursuant to to Fed. R. Civ. P. 12(b)(6) and award costs and attorney fees as allowed by law.

Respectfully submitted,

Date: November 13, 2026

s/ Michaela S. Morrissey
Michaela S. Morrissey
VAUGHAN & DeMURO
6760 Corporate Drive, Suite 220
Colorado Springs, CO 80919
(719) 578-5500 (phone)

(719) 578-5504 (fax)
Mmorrissey@vaughandemuro.com
ATTORNEY FOR COUNTY DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of November, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses. I have also provided the foregoing to the following directly via electronic mail:

**Jason Kosloski, Esq.**
jkosloski@kosloskilaw.com

s/ Michaela S. Morrissey
Michaela S. Morrissey