**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:26-cv-04019-MDB

**AUGUSTINE ESQUIBEL,**

Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF COSTILLA, COLORADO**;
**JOE SMITH**, in his official capacity as Sheriff of Costilla County;
**DANNY SANCHEZ**, in his individual capacity;
**CRUZ SOTO**, in his individual capacity;
**MONIQUE TRUJILLO**, in her individual capacity;
**DYLAN MEJIA**, in his individual capacity;
**JAUREGUI ASTORGA**, in their individual capacity; and
**JOHN/JANE DOES 1-4**, in their individual capacities,

Defendants.

---

## (PROPOSED) SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCE OF COUNSEL AND PRO SE PARTIES

No scheduling conference pursuant to Fed. R. Civ. P. 16(b) has been scheduled per order of Magistrate Judge Braswell [ECF 16].

Appearing for the parties are:

<u>Counsel for Plaintiff Esquibel</u>

Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street

Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com

Counsel for Defendants

Ann B. Smith
Michaela S. Morrissey
VAUGHAN & DEMURO
6760 Corporate Drive, Suite 220
Colorado Springs, CO 80919
(719) 578-5500 (phone)
(719) 578-5504 (fax)
asmith@vaughandemuro.com
mmorrissey@vaughandemuro.com

## 2. STATEMENT OF JURISDICTION

This action arises under the Constitution of the United States, pursuant to 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. § 1331. Jurisdiction supporting Plaintiff's claim for attorney fees and costs is conferred by 42 U.S.C. § 1988. This Court has jurisdiction over the state law cause of action under 28 U.S.C. § 1367.

## 3. STATEMENT OF CLAIMS AND DEFENSES

Plaintiff: Plaintiff alleges that when he was arrested and held in custody between April 17 and April 18, 2024, Defendants unconstitutionally deprived Plaintiff of his medically necessary oxygen. Plaintiff alleges that Defendants unconstitutionally held Plaintiff in custody after he had posted bond. Plaintiff alleges that the institutional defendants created policies, customs, and practices which caused the unconstitutional

treatment of Plaintiff. Finally, Plaintiff alleges that Defendants discriminated against him and violated his rights under the Americans with Disabilities Act through their actions. Plaintiff brings these claims under 42 U.S.C. § 1983, 42 U.S.C. § 12132, 29 U.S.C. § 794, 42 U.S.C. § 12205, U.S. Const. Amends. IV, XIV, C.R.S. § 13-21-131, and Colo. Const. Art. II, §§ 3, 7, 25.

Defendants: Defendants deny the substantive allegations set forth in Plaintiff's Complaint (Doc. 5) and deny that they violated any of Plaintiff's federal or state constitutional rights or caused his claimed injuries. Defendants contend, among other things, that the claims based on conduct occurring on April 17, 2024, are barred by the statute of limitations; the Complaint fails to allege the personal participation of the named individual Defendants; and the individual Defendants are entitled to qualified immunity. Defendants further contend that Plaintiff fails to allege a municipal policy or custom sufficient to establish *Monell* liability and that his ADA and Rehabilitation Act claims concern allegedly deficient medical treatment rather than disability-based exclusion from a public service. Defendants also dispute the nature, extent, and causation of Plaintiff's alleged injuries and damages. Defendants further adopt the denials, assertions, and defenses raised in their Motion to Dismiss (Doc. 15) and prospectively adopt any defenses in any Answer or responsive pleading to be filed in this matter.[1]

[1] Defendants Sanchez, Trujillo, and Astorga have not yet been served.

## 4. UNDISPUTED FACTS

a.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief; compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law; all economic losses on all claims allowed by law; punitive damages on all claims allowed by law; pre- and post-judgement interest at the lawful rate; and any further relief that the court deems just and proper, and any other relief as allowed by law. Plaintiff's damages are largely not capable of precise calculation and will instead be determined by a jury following a presentation of the evidence at trial in this matter.

Defendants: Defendants contend that Plaintiff is not entitled to monetary damages or declaratory or injunctive relief based on the claims asserted. Defendants do not seek damages but reserve the right to seek costs and fees as may be recoverable.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(F)

a. The Fed. R. Civ. P. 26(f) meeting was conducted via e-mail and telephone on November 23, 2026.

b. Participants in the meeting were as follows:

a. For Plaintiff, Jason Kosloski of Kosloski Law, PLLC.

b. For Defendants: Michaela Morrissey of Vaughan & DeMuro.

c. Rule 26(a)(1) disclosures will be made on November 23, 2026.

d. There are no proposed changes to the timing or requirements of disclosures under Fed. R. Civ. P. 26(a)(1) other than that stated above in paragraph c.

e. The parties have not agreed to conduct informal discovery.

f. The parties agree to take all reasonable measures to reduce discovery and litigation costs, including the use of unified exhibit numbering system for depositions and agree to the production of all discovery electronically, where feasible.

g. The parties anticipate that the claims or defenses in this matter will involve the discovery of some electronically stored information. The parties agree that, to the extent feasible, the parties will exchange written documents in .pdf electronic format, unless a specific request for metadata or native format is made, in which case, the Parties will address the reasonableness of the request. The Parties agree to produce all video and audio recordings, Excel spreadsheets, and medical imaging in their native formats, where feasible.

h. Pursuant to Fed. R.C. Civ. P. 26(f), the parties have not yet discussed the possibility of settlement. The parties intend to continue exploring the possibility of settlement as the case progresses into discovery.

## 7. Consent

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. Discovery Limitations

a. The parties agree that each side may conduct 5 depositions, exclusive of experts and treating physicians.

b. Any deposition of a party shall not exceed the presumptive limit of 7 hours per deponent, except by agreement of all Parties or upon a demonstration of good cause to the Court. For experts and lay witnesses that are not parties, any deposition shall not exceed five hours except by agreement of all Parties or upon a demonstration of good cause to the Court.

c. The parties agree that each side may serve up to 25 requests for production, 25 interrogatories, and 25 requests for admission on each other.

d. The agreed upon deadline for service of interrogatories and requests for production of documents and/or admissions is: The last written discovery requests shall not be served upon any adverse party any later than forty-five (45) days prior to discovery cut off.

e. Other Planning and Discovery Orders: None.

## 9. Case Plan and Schedule

a. Deadline for Joinder of Parties and Amendment of Pleadings: December 10, 2026.

b. Discovery Cut-off: July 26, 2027.

c. Dispositive Motions Deadline: August 25, 2027.

d. Expert Witness Disclosure:

    a. Plaintiff: Plaintiff anticipates potentially calling an expert witness in policing, Plaintiffs' treating providers, and any witnesses necessary to rebut Defendants' expert witnesses.

    b. Defendants: Defendants anticipate designating experts in the fields of police practices, medical, and any expert(s) necessary for rebuttal and/or impeachment purposes. Defendants may call experts in other areas as well.

    c. The parties propose a limit of three retained experts per party.

    d. The parties shall designate all experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before April 27, 2027.

    e. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 27, 2027.

e. Identification of Persons to be Deposed: The parties are presently determining their discovery needs. The parties wish to retain the opportunity to reschedule depositions or take other depositions as may be suggested by discovery.

    a. Plaintiff: Plaintiff anticipates taking depositions of each individual Defendant, as well as a representative of Defendant Board of County Commissioners/Smith. Plaintiffs reserve the right to take reasonable

additional depositions following discovery of additional relevant individuals.

b. Defendants: Defendants anticipate taking depositions of Plaintiff, specially retained experts, treating providers identified through disclosures and discovery, other individuals disclosed pursuant to Fed.R.Civ.P. 26 or otherwise noticed by the parties, and other witnesses to be identified during the course of discovery.

| **Name of Deponent** | **Date** | **Time** | **Expected Length** |
|---|---|---|---|
| Rep. of Board of Commissioners/Sheriff's Office | TBD | TBD | 7hr |
| Defendant Danny Sanchez | TBD | TBD | 7hr |
| Defendant Cruz Soto | TBD | TBD | 7hr |
| Defendant Monique Trujillo | TBD | TBD | 7hr |
| Defendant Dylan Mejia | TBD | TBD | 7hr |
| Defendant Jauregui Astorga | TBD | TBD | 7hr |

| | | | |
|---|---|---|---|
| Plaintiff Augustine Esquibel | TBD | TBD | 7hr |
| Specially retained experts | TBD | TBD | 5hr |
| Treating providers identified through disclosures and discovery | TBD | TBD | 5hr |
| Other individuals disclosed pursuant to Fed.R.Civ.P. 26 or otherwise noticed by the parties | TBD | TBD | 7hr |
| Other witnesses to be identified during the course of discovery | TBD | TBD | 7hr |

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

---

b. A final pretrial conference will be held in this case on _ at ___. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

**11. OTHER SCHEDULING MATTERS**

a. Other than as stated herein, the Parties have no disagreement concerning discovery or scheduling issues.

b. The parties anticipate a five-day jury trial.

c. The parties do not believe any proceedings may be more effectively or economically conducted at the Court's facilities in Colorado Springs, Grand Junction, or Durango.

## 12. Notice of Counsel and Pro Se Parties

The parties filing motions for extension of time or continuances must comply with D. C. COLO. L. Civ. R. 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officers presiding over this case.

With respect to discovery disputes, parties must comply with D. C. Colo. L. Civ. R. 7.1(a) and the Practice Standards established by the judicial officers presiding over this case.

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. Amendments to Scheduling Order

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this _______ day of ___________, 2026.

BY THE COURT:

__________________________

United States Magistrate

Judge

APPROVED:

ATTORNEYS FOR THE PLAINTIFF

/s/ Jason Kosloski
Jason M. Kosloski
Kosloski Law, PLLC
1401 Lawrence Street
Suite 1600
Denver, CO 80202
(720) 605-6487
jkosloski@kosloskilaw.com
*Attorney for Plaintiff Esquibel*

ATTORNEYS FOR THE DEFENDANTS

__________________________
Ann B. Smith
Michaela S. Morrissey
VAUGHAN & DEMURO
6760 Corporate Drive, Suite 220
Colorado Springs, CO 80919
(719) 578-5500 (phone)
(719) 578-5504 (fax)
asmith@vaughandemuro.com
mmorrissey@vaughandemuro.com
*Attorneys for Defendants*

Respectfully submitted,

Date: November 23, 2026

s/ Michaela S. Morrissey
Michaela S. Morrissey
VAUGHAN & DeMURO
6760 Corporate Drive, Suite 220
Colorado Springs, CO 80919
(719) 578-5500 (phone)
(719) 578-5504 (fax)
Mmorrissey@vaughandemuro.com
ATTORNEY FOR COUNTY DEFENDANTS

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses. I have also provided the foregoing to the following directly via electronic mail:

Jason Kosloski, Esq.
jkosloski@kosloskilaw.com

s/ Michaela S. Morrissey
Michaela S. Morrissey